IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

DEBRA G. SCOTT,         )
         )
     Plaintiff,        )
         )
v.         )     CASE NO. 2:17-cv-93-SRW
         )
FOOD GIANT SUPERMARKETS, INC.,         )
         )
     Defendant.        )

## MEMORANDOM OPINION AND ORDER[1]

This matter is before the court on plaintiff's motion to remand. (Doc. 5). Defendant filed a response to the motion (Doc. 7). Upon review of the motion and the record, the court concludes that the motion is due to be granted.

### LEGAL STANDARDS

"It is by now axiomatic that the inferior courts are courts of limited jurisdiction. They are 'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress." *Griffith v. Wal-Mart Stores East, L.P.*, 884 F. Supp. 2d 1218, 1221 (N.D. Ala. 2012) (citing *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999)). "[B]ecause removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly." *Id.* (citing *Univ. of S. Ala.*, 168 F.3d at 411).

---

[1] Pursuant to 28 U.S.C. § 636(c), the undersigned Magistrate Judge exercises final dispositive authority in this matter pursuant to the consent of the parties. (Docs. 8, 9).

The removing party has the burden of establishing subject matter jurisdiction. *Id.* "[B]ecause the jurisdiction of federal courts is limited, the Eleventh Circuit Court of Appeals favors remand of cases that have been removed where federal jurisdiction is not absolutely clear." *Id.* (quoting *Lowe's OK'd Used Cars, Inc. v. Acceptance Ins. Co.*, 995 F. Supp. 1388, 1389 (M.D. Ala. 1998)). "In fact, removal statutes are to be strictly construed, with all doubts resolved in favor of remand." *Id.* (quoting *Lowe's*, 995 F. Supp. at 1389).

"A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." 28 U.S.C. § 1447(c). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." *Lowery*, 483 F.3d at 1213 n. 64.

## BACKGROUND

Plaintiff filed this action in state court on January 11, 2017. (Doc. 1-4 at 1). On January 17, 2017, defendant was served with the summons and complaint. (Doc. 1-2 at 1). Plaintiff alleges that she was injured when she fell on unfinished or uneven concrete at one of defendant's stores. (Doc. 1-6 at 2). She brings claims for negligence and wantonness based upon this incident. (Doc. 1-6 at 2,4). Plaintiff seeks "damages of $50,000 or less against defendants in an amount to be determined" for the negligence count. (Doc. 1-6 at 4). She also claims "punitive

damages of $50,000 or less against defendants in an amount to be determined" for the wantonness count. (Doc. 1-6 at 6).

Defendant filed a notice of removal on February 16, 2017. (Doc. 1). Defendant contends that all requirements for removal have been satisfied. (Doc. 1 at 6). In particular, defendant maintains that the amount in controversy has been satisfied because plaintiff "asserts <u>two</u> different causes of action; is faced with <u>two</u> different burdens of proof; must establish additional conduct for the <u>second</u> cause of action; and seeks recovery of up to $50,000.00 for each of two distinct types of damages." (Doc. 1 at 6). In other words, defendant argues that plaintiff's claims for damages should be aggregated and maintains that the amount in controversy set forth in the complaint is $100,000. (Doc. 1 at 6).

Plaintiff filed a motion to remand on March 14, 2017. (Doc. 5). In it, she insists that her counts are based on distinct causes of action "that are mutually exclusive of each other" so that she "can only recover under one cause and thus is limited to a maximum amount of $50,000." (Doc. 5 at 1). Defendant responds that the claims should be aggregated because plaintiff has claimed two different types of damages and could recover under both counts for a total of up to $100,000 in damages. (Doc. 7 at 3–4). Defendant contends that, absent a binding stipulation that

plaintiff will neither seek nor accept more than $75,000, the motion to remand is due to be denied.[2] (Doc. 7 at 6).

## DISCUSSION

Although plaintiff explicitly seeks an amount of damages that is less than the jurisdictional amount, the sum demanded in the initial pleading is not automatically deemed to be the amount in controversy because the state of Alabama permits the recovery of damages in excess of the amount demanded. *See* 28 U.S.C. §1446(c)(2)(A)(ii) (Providing that the sum demanded in good faith in the complaint shall be deemed to be the amount in controversy, except, *inter alia*, where the complaint seeks a money judgment but state practice permits recovery of damages in excess of the amount demanded.); *see also* Ala. R. Civ. P. 54(c) ("[E]very final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in the party's pleadings."). Under such circumstances, defendant must establish the amount in controversy for diversity jurisdiction by a preponderance of the evidence. *See Harris v. Aghababaei*, 81 F. Supp. 3d 1278, 1280–81 (M.D. Ala. 2015) (discussing the effect of the Federal Courts Jurisdiction and Venue Clarification Act of 2011, Pub. L. No. 112-63, § 103, 125 Stat. 758, 762 (2011) on Eleventh Circuit precedent concerning the burden of proof). Defendant's argument that it has met this standard is based upon the aggregation of plaintiff's claims. However, "[w]hile the claims of one plaintiff against one defendant are generally aggregated, under Alabama law a plaintiff cannot receive a 'double recovery' for

---

[2] Because the court finds that the amount in controversy falls below the jurisdictional amount, this argument will not be addressed.

what is essentially one viable cause of action." *Daniel v. Nationpoint*, No. 2:07-CV-640, 2007 WL 4533121, *2 (M.D. Ala. Dec. 19, 2007). Whether or not plaintiff's claims should be aggregated is determined by whether the claims constitute "standalone claim[s] [or] a theory of recovery." *See Andrews v. Medical Excess, LLC*, 863 F. Supp. 2d 1137, 1140 (M.D. Ala. 2012) (discussing the difference between differing legal theories of recovery and separate claims) (citing *Holmes v. Boehringer Ingelheim Pharm., Inc.*, 158 F. Supp. 2d 866 (N.D. Ill. 2001)). One court articulated this distinction as follows, in the context of the case then pending before it:

> Both claims rely on the same facts and allege a failure to warn; all that differs between the two claims are the allegations of the nature of the defendants' duties. A right of recovery is distinct from a theory of liability; a plaintiff may have only one right of recovery though she 'advances a variety of legal theories to support that recovery.'

*Holmes*, 158 F. Supp. at 868 (deciding that negligence and strict liability are "merely different bases for a single recovery").

Plaintiff's claims in this proceeding represent two differing – and mutually exclusive – theories of liability rather than two independent rights of recovery or "standalone" claims. Both counts concern the same incident and are stated almost identically, except that, in the second count, "wantonness" is used in place of "negligence." "Under Alabama law, '[n]egligence and wantonness are two distinct tort concepts of actionable culpability; consequently, they are defined by differing elements.'" *Kerns v. Sealy*, 496 F. Supp. 2d 1306, 1318 (S.D. Ala. 2007) (citing *S.B. v. Saint James School,* 959 So.2d 72, 89 n. 7 (Ala. 2006)). These two theories of liability reflect two entirely different

mental states and, as the Eleventh Circuit has recognized, "[t]he Alabama courts have stated that negligence and wantonness are mutually exclusive." *Deviner v. Electrolux Motor, AB*, 844 F.2d 769, 773 (11th Cir. 1988). *See also* Cook v. Branick Mfg., Inc., 736 F.2d 1442, 1448 (11th Cir. 1984) (same); *Walker v. Humana Med. Corp.*, 415 So. 2d 1107, 1109 (Ala. Civ. App. 1982) ("negligence and wantonness cannot exist in the same action."); *Calvert & Marsh Coal Co. v. Pass*, 393 So. 2d 955, 957 (Ala. 1980) (noting prior Alabama cases holding that "wantonness and negligence cannot exist in the same act or omission."); *Tombrello v. McGhee*, 211 So. 2d 900, 902 (Ala. 1968) ("We agree that wantonness and negligence cannot exist in the same act [.]"); *Thompson v. White*, 274 Ala. 413, 420, 149 So. 2d 797, 804 (1963) ("Wantonness and negligence cannot exist in the same act or omission, for the reason that wanton or wilful misconduct implies mental action; whereas that fact is absent in mere negligence. Wantonness and negligence are hence necessarily distinct colorings of a wrong to another's injury."). Because plaintiff advances two mutually exclusive legal theories for recovery from the same injury, her claims cannot be aggregated to meet the jurisdictional requirements. *See Andrews*, 863 F. Supp. 2d at 1141 (deciding the amount in controversy based on the value of the harm alleged as a result of a single injury instead of by aggregating the claims); *Daniel*, 2007 WL 4533121 at *2 (declining to aggregate claims where a plaintiff cannot receive a double recovery for what is essentially one viable cause of action); *Hardy v. Jim Walter Homes, Inc.*, No. 06-0687-WS-B, 2007 WL 1889896, *4 (S.D. Ala. Jun. 28, 2007) ("The law is

clear that claims seeking essentially the same recovery under varying theories are not to be aggregated.")[3]

Plaintiff has claimed damages of $50,000 or less for each of her mutually exclusive claims for recovery. Therefore, this court lacks subject matter jurisdiction because the requisite amount in controversy has not been established.

## CONCLUSION

For the foregoing reasons, it is ORDERED that Plaintiff's motion to remand (Doc. 5) is GRANTED, and this case is hereby REMANDED to the Circuit Court of Butler County, Alabama.

The Clerk of the Court is DIRECTED to take steps necessary to effectuate the remand.

DONE, on this the 1st day of June, 2017.

/s/ Susan Russ Walker
Susan Russ Walker
United States Magistrate Judge

---

[3] Defendant has argued that the claims must be aggregated because, in order for plaintiff to recover punitive damages for wantonness, she must first receive compensatory damages. This argument is unpersuasive. If plaintiff recovers under the wantonness theory, nominal compensatory damages may be awarded along with the punitive damages. *See Combined Servs., Inc. v. Lynn Electronics Corp.*, 888 F.2d 106, 107 n. 4 (11th Cir. 1989).